UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08646-MWC-AGR                                  Date: September 15, 2025

Title:        Tatiana Zaiko v. James Janecka *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order GRANTING IN PART and DENYING IN PART Petitioner's Ex Parte Application for Temporary Restraining Order (Dkt. 3)**

　　　Before the Court is Petitioner Tatiana Zaiko's ("Petitioner") ex parte application ("Application") seeking a temporary restraining order ("TRO") to enjoin James Janecka, Tina Patel, Alejandro Mayorkas, and Merrick Garland (collectively, "Respondents") from unlawfully detaining her and or coercively removing her from the United States pending resolution of her petition for writ of habeas corpus.[1]  *See* Dkt. # 3 ("*App.*").  The Government did not timely oppose the Application, though it filed an opposition and contends that Petitioner failed to provide the requisite notice in advance of filing the Application.[2]  *See* Dkt. # 8 ("*Opp.*").  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Application.

---

[1] Petitioner sues James Janecka in his official capacity as warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center, Tina Patel in her official capacity as field office director of the Los Angeles ICE office, Alejandro Mayorkas in his official capacity as Secretary of the Department of Homeland Security, and Merrick Garland in his official capacity as the Attorney General of the United States.  The Court acknowledges that Secretary Mayorkas and Attorney General Garland no longer hold these offices and assumes that Petitioner's mistake was inadvertent.  Based on Petitioner's allegations, the Court understands her request to be directed at those officials with the authority to detain her or coercively remove her.

[2] Pursuant to the Court's Civil Standing Order, the party opposing an ex parte application must do so within 24 hours of an application's filing.  The Government filed an opposition at 12:34 p.m. on September 13, 2025, roughly 43 hours after Petitioner filed the Application.  *See* Dkt. # 8; *App.*  "Whether to consider an untimely opposition . . . lies within the Court's discretion."  *Giving Back Fund Inc. v. Miami Mktg. Grp. LLC*, No. CV 10–9705 GAF (JEMx),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-08646-MWC-AGR | Date: September 15, 2025 |
| Title: Tatiana Zaiko v. James Janecka *et al.* | |

I.    Background

    The Application details that Petitioner, a Russian citizen, has been detained at the Adelanto ICE Processing Center since August 21, 2025.  *App.* 3.  Petitioner contends that, despite her detainment, federal authorities have not filed a notice for her to appear before an immigration court.  *Id.*; *see also id.*, Ex. A (screenshot showing that there is no Executive Office for Immigration Review ("EOIR") case number associated with Petitioner as of 4:30 p.m. on September 11, 2025).  By contrast, the Government avers that it issued a Notice to Appear to Petitioner on August 23, 2025.  *Opp.* 1; *Opp.*, Ex. A.  ICE officers have also woken Petitioner up several times during the night on various occasions "to pressure her to sign removal documents while she is disoriented from sleep."  *App.* 3.  Petitioner's attorney's declaration notes that on these occasions, ICE officers "have provided misleading or incomplete information about the documents and the consequences of signing them or not signing them."  *Id.* 8.  Petitioner has also been unable to consult with counsel before these nighttime incidents and contends that she "may face persecution in Russia" if she were to return.  *Id.* 9.  On the same day that she filed the Application, Petitioner filed a petition for writ of habeas corpus ("Petition").  *See* Dkt. # 1.  The Petition details the same facts as the Application and asks the Court to order her immediate release.  *See generally id.*

II.    Legal Standard

    A.    Ex Parte Applications

    "Circumstances justifying the issuance of an ex parte order are extremely limited."  *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).  "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

    In this District, ex parte applications are solely for extraordinary relief and are rarely justified.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis

---

2011 13218024, at *2 (C.D. Cal. Jan. 24, 2011).  As such, the Court will reference the Government's opposition to the extent it is relevant to the Court's disposition of the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-08646-MWC-AGR | Date: September 15, 2025 |
| Title: Tatiana Zaiko v. James Janecka *et al.* | |

occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

      B.    <u>Temporary Restraining Orders</u>

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). Where the non-movant is a government entity, "the third and fourth factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.    <u>Discussion</u>

      A.    <u>Ex Parte Application and *Mission Power* Factors</u>

The Court finds that Petitioner has satisfied the *Mission Power* factors. As detailed below, Petitioner's wrongful removal would result in irreparable harm, making regularly noticed motion procedures impractical. Moreover, Petitioner is without fault in creating the present crisis. ICE detained Petitioner on August 21, 2025, and Petitioner has yet to receive a notice to appear. *App.* 3. Though Petitioner could have sought a TRO preventing her removal sooner, the fact that she has provided ICE time to give her the requisite process cannot cut against her. However, after three weeks without the proper process and considering the coercive tactics that Petitioner has described, the Court finds ex parte relief warranted. *See Lubiba v. King Cnty. Super. Ct. – Fam. Law Div.*, No. 2:25-cv-00799-JNW, 2025 WL 1267545, at *2 (W.D. Wash. Apr. 30, 2025) ("An ex parte TRO can be warranted when it is necessary to avert some 'immediate threatened injury.'" (quoting *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08646-MWC-AGR                                              Date: September 15, 2025

Title:    Tatiana Zaiko v. James Janecka *et al.*

    B.    <u>Request for Release from Detention</u>

    The Court finds that, based on the current record, Petitioner has not made the requisite showing of a likelihood of success on the merits to warrant immediate release from custody. "Courts should act cautiously when reviewing matters entrusted to the Executive Branch, especially those involving immigration, lest it alter the balance between co-equal branches of government." *Jazi v. Rubio*, No.: 25-cv-27 BEN, 2025 WL 2420690, at *2 (S.D. Cal. Aug. 20, 2025); *see also Noem v. Vasquez Perdomo*, 606 U.S. ___, ___ S. Ct. ___, 2025 WL 2585637, at *5 (2025) (Kavanaugh, J., concurring) ("Especially in an immigration case like this one, it is also important to stress the proper role of the Judiciary . . . . [W]e . . . must decline to step outside our constitutionally assigned role to improperly *restrict* reasonable Executive branch enforcement of the immigration laws" (emphasis in original)).  The Application does not contest that Petitioner may be subject removal, only that ICE has not provided her the requisite notice at this point to properly remove her.  *See generally App.*; *but see Opp.*, Ex. A. (showing Notice to Appear for Petitioner that Government issued on August 23, 2025).  Without more—and mindful of its limited role—the Court cannot assume that ICE has no basis to detain Petitioner.

    Petitioner has also failed to make the requisite showing as to the remaining *Winter* factors such that the Court can grant the Application.  In general, "[t]he Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention.'" *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017)).  Those harms can include "the subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees who parents are detained." *Hernandez*, 872 F.3d at 995.  But the existence of those harms generally does not allow the Court to automatically assign the injuries of other detainees to Petitioner here, especially when Petitioner has not provided detail as to the harms she is experiencing in detention.  *Cf. Sheet Metal Workers' Int'l Ass'n Loc., of Sheet Metal Workers' Int'l Ass'n, AFL-CIO*, 660 F. Supp. 1500, 1508 (S.D. Cal. 1987) ("This court cannot simply assume irreparable injury in the absence of proof, and this lack of proof is fatal . . . .").  Here, the entirety of Petitioner's argument as to irreparable harm related to her detention is that "[e]very day of unlawful detention constitutes irreparable harm," *App.* 5 (citing *Hernandez*, 872 F.3d at 994), while providing little detail as to what Petitioner is experiencing.

    Lastly, the balance of equities and public interest factors do not show that the Court must order Petitioner released.  "It is always in the public interest to protect the country's borders and enforce its immigration laws." *Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 501 F. Supp. 3d 792, 825 (N.D. Cal. 2020) (citing *Landon v. Plascencia*, 459 U.S. 21, 24 (1982)).  Still, "'[t]he public interest benefits from an injunction that ensures that individuals are not deprived of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-08646-MWC-AGR | Date: September 15, 2025 |
| Title:  Tatiana Zaiko v. James Janecka *et al.* | |

their liberty and held in immigration detention' in violation of the Constitution." *Xuyue Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020) (citing *Hernandez*, 872, F.3d at 996). Here, the Application does not even contend that Petitioner is a United States citizen or even a lawful permanent resident, *see generally App.*, so the Court will not assume that there is no basis for detaining Petitioner or that her detention is not related to the proper enforcement of the nation's immigration laws. Even in spite of the potential lack of due process provided to her (as the Court further describes below), the balance of equities and public interest factors do not tip strongly in Petitioner's favor.

Without a clear showing that the *Winter* factors favor Petitioner in favor of granting her removal from ICE detention, the Court cannot do so.

C. <u>Request for Court to Enjoin Removal</u>

The Court finds that Petitioner is entitled to a temporary restraining order barring her removal to a third country. The Supreme Court has "long held," and recently reaffirmed, that "'no person shall be' removed from the United States 'without opportunity, at some time, to be heard.'" *A.A.R.P. v. Trump*, 605 U.S. ___, 145 S. Ct. 1364, 1367 (2025) (quoting *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). "Due process requires notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties' and that 'afford[s] a reasonable time . . . to make [an] appearance.'" *Id.* at 1367–68 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). That includes "information about how to exercise due process rights to contest removal." *Id.* at 1368.

As Petitioner's Application pertains to the *Winter* factors, she has shown a likelihood of success on the merits. ICE has held her for more than three weeks, allegedly without providing a notice for her to appear before an immigration court. *App.* 3. ICE officers have also attempted to gain her acquiescence to removal through nighttime sessions where they ask Petitioner—despite her disoriented state—to sign removal papers. *Id.* These tactics do not resemble the due process that the Constitution contemplates. *See Ram v. Mukasey*, 529 F.3d 1238, 1239 (9th Cir. 2008); *A.A.R.P.*, 145 S. Ct. at 1368. On these facts, if federal authorities coercively removed Petitioner, this removal would have lacked the protections that are the bedrock of due process. *See A.A.R.P.*, 145 S. Ct. at 1367–68. Though the Government contends that it has provided a Notice to Appear and that Petitioner must appear before an immigration judge on November 4, 2025, *Opp.* 1, the Court takes pause that Petitioner has supposedly never received such a notice.

Petitioner has also made the requisite showing of irreparable harm. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Hernandez*, 872 F.3d at 994. Furthermore, deportation "visits a great hardship on the individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-08646-MWC-AGR | Date: September 15, 2025 |
| Title: Tatiana Zaiko v. James Janecka *et al.* | |

and deprives [her] of the right to stay and live and work in this land of freedom . . . . Meticulous care must be exercised lest the procedures by which he is deprived of that liberty not meet the essential standards of fairness." *Bridges v. Wixon*, 326 U.S. 135, 154 (1945).  The irreparable harm is especially acute when the United States, after removing Plaintiff to "the custody of a foreign sovereign," would argue that "no U.S. court ha[s] jurisdiction to order relief."  *See A.A.R.P.*, 145 S. Ct. at 1367.  Petitioner here has not received the requisite procedural protections prior to deportation, an outcome which would be severely harmful.  Accordingly, the irreparable harm factor counsels in favor of temporarily enjoining removal pending resolution of Petitioner's writ of habeas corpus.

      Likewise, the balance of equities and the public interest counsel in favor of enjoining removal.  Ensuring that the government does not violation Petitioner's due process rights is in the public interest.  *See Chhoeun v. Marin*, 306 F. Supp. 3d 1147, 1163 (C.D. Cal. 2018).  Moreover, "there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken v. Holder*, 556 U.S. 418, 436 (2009).  Though there can also be a countervailing public interest in removal, the Court should evaluate associated facts, including whether "the alien is particularly dangerous, or has substantially prolonged [her] stay by abusing the processes provided to [her]." *Id.*  Here, there is no allegation of Petitioner's danger or that she has abused the processes provided to her.  By contrast, Petitioner alleges that ICE has denied her due process and that she will face persecution if she returns to Russia.  *See generally App.*  As such, the balance of equities and the public interest weigh in favor of temporarily enjoining her removal.

      The Government's remaining arguments are not persuasive.  It contends that "this action more generally is moot and devoid of subject matter jurisdiction," *Opp.* 1, though the Government's opposition fails to cite any authority aside from a single local rule, *see generally id.*  Given that dearth of authority, it is not clear to the Court why it would lack subject matter jurisdiction over the Application.  *Cf. Medina-Munoz v. Ashcroft*, No. C04-1819-RSM-MAT, 2004 WL 7338408, at *4 (W.D. Wash. Dec. 3, 2004) ("Both the United States Supreme Court and the Ninth Circuit Court of Appeals have affirmed that federal courts retain jurisdiction to grant temporary stays of removal in immigration cases."). Based on the prospective harms to Petitioner if the Government were to remove her—and considering the possibility that federal authorities have attempted to preemptively gain Petitioner's acquiescence to removal improperly—the Court finds that the Application is not moot.  Furthermore, since the Government contends that Petitioner must appear before an immigration judge on November 4, 2025, *see id.* 1, it should have little difficulty complying with an order that prevents Petitioner's removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08646-MWC-AGR                                        Date: September 15, 2025

Title:        Tatiana Zaiko v. James Janecka *et al.*

IV.     Conclusion

      For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Application.  The Government is hereby enjoined from deporting Petitioner to a third country.  This TRO will expire in 14 days.  A preliminary injunction hearing is set for September 25, 2025, at 10:00 a.m.  Petitioner shall file her opening brief and related submissions no later than end of day on September 18, 2025.  The Government shall file its opposition no later than end of day September 22, 2025.  Petitioner shall file her reply brief no later than 12 p.m. on September 24, 2025.[3]

      **IT IS SO ORDERED.**

|                          | :        |
|--------------------------|----------|
| **Initials of Preparer** | TJ       |

---

[3] All dates and times reference Pacific Standard Time.